JANINE OGANDO (CA SBN 165625)
Ogandolaw@gmail.com
Ogando Law Offices
47 Muth Drive
Orinda, CA 94563
Tel: (925)858-9401

Attorneys for Defendants
LIBRE BY NEXUS, INC. AND
NEXUS SERVICES, INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DISTRICT)

| | |
|---|---|
| S.C., individually and on behalf of others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>BUDDI US LLC, BUDDI LTD., MONITORING PARTNERS LIMITED, and DOES 1-10, inclusive,<br><br>　　　　　　Defendants.<br><hr>BUDDI US LLC, BUDDI LTD,<br><br>　　　　　　Cross-Complainants,<br><br>　v.<br><br>LIBRE BY NEXUS, INC. NEXUS SERVICES, INC. and Roes 1-10;<br><br>　　　　　　Cross-defendants. | Case No. 8:20-cv-01370 (KESx)<br>Dist. Judge: Hon. Cormac J. Carney<br>Mag. Judge: Hon. Karen E. Scott<br><br>**ANSWER OF CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. TO CROSS-COMPLAINT FOR IMPLIED INDEMNITY, CONTRIBUTION AND DECLARATORY RELIEF FILED BY BUDDI US LLC AND BUDDI LTD.**<br><br>**DEMAND FOR JURY TRIAL** |

1

ANSWER OF CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. TO CROSS-COMPLAINT OF BUDDI US LLC AND BUDDI LTD.

Cross-Defendants NEXUS SERVICES, INC. ("Nexus") and LIBRE BY NEXUS, INC. ("Libre") (hereinafter collectively referred to as "Cross-Defendants"), by and through their undersigned attorneys, hereby answer the Cross-Complaint of Cross-Complainants BUDDI US LLC and BUDDI LTD (hereinafter collectively referred to as "Cross-Complainants" or "Buddi"), and set forth their affirmative defenses as follows:

Cross-Defendants deny all allegations of the Cross-Complaint other than those specifically admitted herein.

## NATURE OF ACTION

1. Cross-Defendants admit that the referenced Plaintiff was fitted with a GPS ankle monitoring device through a release bond program run by Libre, but the underlying action covers Cross-Defendants' Program Participants fitted with any type of Buddi GPS monitoring device. Cross-Defendants further admit that Libre provided the referenced Plaintiff GPS-enabled monitoring hardware leased to Libre by Buddi. Allegations related to Libre's obligation to indemnify third-party bonding companies call for legal conclusions to which no response is required, and Cross-Defendants deny such allegations on this ground. Cross-Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 1. For these reasons, except as expressly admitted, Cross-Defendants deny all allegations of Paragraph 1.

2. Paragraph 2 of the Cross-Complaint contains prefatory statements and legal conclusions to which no response is required. To the extent a response is required, Cross-Defendants respond that the Complaint speaks for itself.

3. Paragraph 3 of the Cross-Complaint contains prefatory statements and legal conclusions to which no response is required. To the extent a response is required, Cross-Defendants respond that the Complaint speaks for itself.

4. Paragraph 4 of the Cross-Complaint contains prefatory statements and legal conclusions to which no response is required. To the extent a response is required, Cross-Defendants deny the allegations of Paragraph 4.

2
ANSWER OF CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. TO CROSS-COMPLAINT OF BUDDI US LLC AND BUDDI LTD.

1213986.1

## PARTIES

5. Cross-Defendants lack sufficient information to admit or deny the allegations in Paragraph 5, and on that basis, Cross-Defendants deny all allegations of Paragraph 5.

6. Cross-Defendants lack sufficient information to admit or deny the allegations in Paragraph 6, and on that basis, Cross-Defendants deny all allegations of Paragraph 6.

7. Cross-Defendants admit that Cross-Complainants leased GPS-enabled monitoring hardware to Cross-Defendants. Cross-Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 7, and on that basis, except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 7.

8. Answering Paragraph 8, Cross-Defendants respond that they are headquartered in the State of Virginia and otherwise admit the remaining allegations of Paragraph 8.

9. Paragraph 9 of the Cross-Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cross-Defendants deny all allegations of Paragraph 9.

10. Paragraph 10 of the Cross-Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cross-Defendants deny all allegations of Paragraph 10.

11. Paragraph 11 of the Cross-Complaint contains prefatory statements and legal conclusions to which no response is required. To the extent a response is required, Cross-Defendants deny all allegations of Paragraph 11.

## JURISDICTION AND VENUE

12. Answering Paragraph 12, Cross-Defendants admit that this Court has jurisdiction over the underlying action because the class action meets the minimal diversity and $5,000,000 at issue thresholds for jurisdiction under the Class Action

---
ANSWER OF CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. TO CROSS-COMPLAINT OF BUDDI US LLC AND BUDDI LTD.

1213986.1

Fairness Act. Cross-Defendants are unaware of whether federal jurisdiction over a cross-complaint may be had on entirely different grounds than jurisdiction over the underlying action and on that basis—as CAFA jurisdiction does not exist over Cross-Defendants—deny the remaining allegations of Paragraph 12.

13. Answering Paragraph 13, Cross-Defendants admit that venue is proper over the underlying action but otherwise deny the remaining allegations of Paragraph 13 and specifically deny that the relief sought by the Complaint cannot be afforded in the absence of Cross-Defendants as parties to this action.

### FACTS COMMON TO ALL CAUSES OF ACTION

14. Cross-Defendants admit that Libre assists in the arrangement of release bonds for certain ICE detainees. Cross-Defendants further admit that Libre makes transportation arrangements and provides initial necessities and a cell phone for certain released detainees. Except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 14.

15. Cross-Defendants admit that Libre has provided certain released detainees with a GPS ankle monitoring bracelet as well as other GPS monitoring devices through its program. Cross-Defendants further admit that some of these GPS monitoring devices were supplied to Libre by Buddi through a lease agreement. Except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 15.

16. Paragraph 16 of the Cross-Complaint characterizes the allegations set forth in a third-party complaint. As that complaint speaks for itself, no response from Cross-Defendants is required. For that reason, Cross-Defendants deny all allegations of Paragraph 16.

17. Cross-Defendants admit the allegations in Paragraph 17 of the Cross-Complaint.

18. Answering Paragraph 18, Cross-Defendants admit that the selected excerpts from Section 12 of the Lease Agreement are quoted accurately. The Complaint, however, seeks damages against Cross-Complainants arising out of their

ANSWER OF CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. TO CROSS-COMPLAINT OF BUDDI US LLC AND BUDDI LTD.

4

1213986.1

violations of state and federal laws, not for breach of contract, so Cross-Defendants deny all remaining allegations of Paragraph 18.

19. Answering Paragraph 19, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint and are intended to be inflammatory and prejudicial. Cross-Defendants admit that there have been media reports about governmental investigations of Libre. Cross-Defendants further admit the allegations pertaining to Michael Donovan's criminal history. Except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 19.

20. Answering Paragraph 20, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint and are intended to be inflammatory and prejudicial. Cross-Defendants admit that Libre has been the subject of governmental investigations, including investigations by the CFPB and the Attorneys General of New York, Virginia, and Washington. Cross-Defendants further admit that it settled the investigation brought by the Washington State Attorney General without any admission of guilt. Except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 20.

21. Answering Paragraph 21, Cross-Defendants admit that they have repeatedly and vigorously fought to protect the confidentiality of Program Participants in all matters, including government investigations. Cross-Defendants further admit that the New York Attorney General requested sanctions against Libre and Mr. Donovan.  Except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 21.

22. Answering Paragraph 22, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint and are intended to be inflammatory and prejudicial. Cross-Defendants deny that fees paid to Libre never go to[ward] the immigrant's bond amount and are always non-refundable. Cross-Defendants are not able to either admit or deny the

ANSWER OF CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. TO CROSS-COMPLAINT OF BUDDI US LLC AND BUDDI LTD.

5

1213986.1

allegations of Paragraph 22 that pertain to average or hypothetical immigration cases, or to third-party investigations, and on those bases deny the allegations of that paragraph.

23. Answering Paragraph 23, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint and are intended to be inflammatory and prejudicial. Cross-Defendants admit that certain people and/or entities have made allegations against Libre without Cross-Defendants admitting to the veracity of such allegations. Except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 23.

24. Answering Paragraph 24, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint and are intended to be inflammatory and prejudicial. Cross-Defendants admit that certain people and/or entities have made allegations against Libre without Cross-Defendants admitting to the veracity of such allegations. Except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 24.

25. Answering Paragraph 25, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint and are intended to be inflammatory and prejudicial. Cross-Defendants admit that RLI is a surety for a portion of immigration bonds under the Libre program. Cross-Defendants further admit that RLI and Libre are currently involved in litigation in which RLI has asserted a number of claims, but no final ruling has been entered to date. Except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 25.

26. Answering Paragraph 26, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint. Cross-Defendants admit that numerous written communications exist between the parties hereto. The remaining allegations of Paragraph 26 of the Cross-Complaint contain legal conclusions to which no response is required. To the extent a

ANSWER OF CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. TO CROSS-COMPLAINT OF BUDDI US LLC AND BUDDI LTD.

6

1213986.1

response is required, except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 26.

27. Answering Paragraph 27, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint. Cross-Defendants admit the selections of memorandum text referenced in Paragraph 27 were quoted accurately. Except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 27.

28. Answering Paragraph 28, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint. Cross-Defendants admit the communication referenced in Paragraph 28 was quoted accurately. Except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 28.

29. Answering Paragraph 29, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint. Cross-Defendants lack sufficient information to admit or deny the allegations in Paragraph 29, and on that basis, Cross-Defendants deny all allegations of Paragraph 29.

30. Answering Paragraph 30, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint. Cross-Defendants admit that in April 2020, Libre authorized Buddi to assist with recovering certain monitoring devices from certain Libre clients who were expecting such device removal. Except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 30.

31. Answering Paragraph 31, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint. Cross-Defendants admit the email referenced in Paragraph 31 was quoted accurately. Cross-Defendants further admit that the purpose of Libre's referenced communications was to authorize Buddi to locate and retrieve a subset of Buddi's

ANSWER OF CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. TO CROSS-COMPLAINT OF BUDDI US LLC AND BUDDI LTD.

7

1213986.1

devices used in the Libre program. Except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 31.

32. Answering Paragraph 32, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint. Cross-Defendants admit those portions of the email exchange referenced in Paragraph 32 were quoted accurately. Except as expressly admitted, Cross-Defendants deny all remaining allegations of Paragraph 32.

33. Answering Paragraph 33, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint. Cross-Defendants admit the allegations in Paragraph 33 of the Cross-Complaint.

34. Answering Paragraph 34, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint. Cross-Defendants admit the allegations in Paragraph 34 of the Cross-Complaint.

35. Answering Paragraph 35, Cross-Defendants respond that the allegations therein are entirely irrelevant to the claims asserted in the Complaint and in the Cross-Complaint. Cross-Defendants admit the allegations in Paragraph 35 of the Cross-Complaint.

36. Cross-Defendants deny the allegations in Paragraph 36 of the Cross-Complaint.

37. Cross-Defendants deny the allegations in Paragraph 37 of the Cross-Complaint.

38. Cross-Defendants deny the allegations in Paragraph 38 of the Cross-Complaint.

## FIRST CAUSE OF ACTION – IMPLIED INDEMNITY

39. Cross-Defendants repeat and hereby incorporate their responses to paragraphs 1 through 38 of the Cross-Complaint, above.

ANSWER OF CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. TO CROSS-COMPLAINT OF BUDDI US LLC AND BUDDI LTD.

8

1213986.1

40. Answering Paragraph 40, Cross-Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

41. Cross-Defendants deny the allegations in Paragraph 41 of the Cross-Complaint.

42. Cross-Defendants deny the allegations in Paragraph 42 of the Cross-Complaint. Cross-Complainants admit that their contract with Cross-Defendants required them to keep any and all information concerning Cross-Defendants' Program Participants confidential, and that the basis for the underlying class action lawsuit is Cross-Complainants' intentional invasion of the Program Participants' privacy rights by breaching that provision of the contract. "[T]he contract between the parties would be nearly meaningless if the court were to interpret the indemnity provision to indemnify one party for its own breach of that contract." (*Konami Digital Entertainment, Inc. v. Vintage Sports Cards, Inc.* (C.D. Cal. May 13, 2009) 2009 WL 10671687 at *7).

43. Cross-Defendants deny the allegations in Paragraph 43 of the Cross-Complaint. Cross-Complainants admit that their contract with Cross-Defendants required them to keep any and all information concerning Cross-Defendants' Program Participants confidential, and that the basis for the underlying class action lawsuit is Cross-Complainants' intentional invasion of the Program Participants' privacy rights by breaching that provision of the contract. "[T]he contract between the parties would be nearly meaningless if the court were to interpret the indemnity provision to indemnify one party for its own breach of that contract." (*Konami*, *supra,* at *7).

**SECOND CAUSE OF ACTION – CONTRIBUTION**

44. Cross-Defendants repeat and hereby incorporate their responses to paragraphs 1 through 43 of the Cross-Complaint, above.

45. Cross-Defendants deny the allegations in Paragraph 45 of the Cross-Complaint. Cross-Complainants admit that their contract with Cross-Defendants

ANSWER OF CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. TO CROSS-COMPLAINT OF BUDDI US LLC AND BUDDI LTD.

9

1213986.1

required them to keep any and all information concerning Cross-Defendants' Program Participants confidential, and that the basis for the underlying class action lawsuit is Cross-Complainants' intentional invasion of the Program Participants' privacy rights by breaching that provision of the contract. "[T]he contract between the parties would be nearly meaningless if the court were to interpret the indemnity provision to indemnify one party for its own breach of that contract." (*Konami*, at *7.)

### THIRD CAUSE OF ACTION – DECLARATORY RELIEF

46. Cross-Defendants repeat and hereby incorporate their responses to paragraphs 1 through 45 of the Cross-Complaint, above.

47. Answering Paragraph 47, Cross-Defendants admit that a dispute exists between Cross-Complainants and Cross-Defendants as to ultimate liability to the putative class for damages proximately caused by Cross-Defendants' breach of various state and federal laws. Cross-Defendants maintain that any such liability must rest with the wrong-doers, Cross-Defendants. (*See Konami*, at *7).

48. Paragraph 48 of the Cross-Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cross-Defendants deny all allegations of Paragraph 48.

### ANSWER TO "PRAYER FOR RELIEF"

49. To the extent Cross-Defendants are deemed required to respond to Cross-Complainants' Prayer for Relief, Cross-Defendants deny all allegations of the Prayer for Relief, deny Cross-Complainants are entitled to any order against Cross-Defendants, and deny Cross-Complainants were damaged in any sum or sums or that they are entitled to any award or recovery against Cross-Defendants as alleged.

10
ANSWER OF CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. TO CROSS-COMPLAINT OF BUDDI US LLC AND BUDDI LTD.

1213986.1

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

[Subject Matter Jurisdiction]

Cross-Defendants assert that this Court is without subject-matter jurisdiction over Cross-Complainants' claims.

## SECOND AFFIRMATIVE DEFENSE

[Ripeness]

Cross-Defendants assert that the Cross-Complaint and each claim asserted therein are not ripe under the Article III case or controversy requirement of the U.S. Constitution.

## THIRD AFFIRMATIVE DEFENSE

[Unclean Hands]

Cross-Defendants assert that Cross-Complainants have committed a wrongdoing, including, but not limited to breaching the terms of the Lease Agreement, and Cross-Complainants are attempting to utilize this lawsuit to benefit from Cross-Complainants' own wrongdoings.

## FOURTH AFFIRMATIVE DEFENSE

[Fraud]

Cross-Complainants misrepresented important material facts to induce Cross-Defendants to unknowingly support Cross-Complainants' scheme to breach Plaintiff's privacy rights and defraud plaintiff and plaintiff's class members, and Cross-Defendants did in fact reasonably rely upon Cross-Complainants' representations in taking certain actions alleged herein.

## FIFTH AFFIRMATIVE DEFENSE

[Failure to State Facts Sufficient to Constitute a Cause of Action]

Cross-Complainants have failed to state facts sufficient to constitute a cause of action, so the entire cross-complaint must fail.

### SIXTH AFFIRMATIVE DEFENSE

[Equitable Estoppel]

Cross-Complainants are estopped from asserting the Cross-Complaint, and each purported cause of action therein, by their own actions and course of conduct.

### SEVENTH AFFIRMATIVE DEFENSE

[Estoppel]

These Answering Cross-Defendants allege that Cross-Complainants and their related entities have intentionally relinquished and waived any rights they may have to institute an action for the alleged wrongdoing complained of in their Cross-Complaint and that Cross-Complainants and their related entities were a major contributing factor to the alleged losses causing the alleged damages of which Cross-Complainants now complain, and are estopped from asserting any claim based on the consequences that flow from the wrongdoing of Cross-Complainants and/or their related entities.

### EIGHTH AFFIRMATIVE DEFENSE

[Active Fault]

These Answering Cross-Defendants allege that Cross-Defendants' liability, if any, to Cross-Complainants would be based on the active fault of cross-complainants and/or and its related entities or others and that such active fault would preclude the relief sought by Cross-Complainants.

### NINTH AFFIRMATIVE DEFENSE

[Negligence]

These Answering Cross-Defendants allege that Cross-Complainants and/or their related entities themselves were negligent in and about the matters referred to in the Complaint and Cross-Complaint and that said negligence of Cross-Complainants and/or their related entities was active and primary in character and was the sole proximate cause of plaintiff's injuries and damages, if any.

12

ANSWER OF CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. TO CROSS-COMPLAINT OF BUDDI US LLC AND BUDDI LTD.

1213986.1

**TENTH AFFIRMATIVE DEFENSE**

[Reservation of Affirmative Defenses]

Cross-Defendants do not currently have sufficient information or knowledge with which to form a belief as to whether they may have additional, as yet unstated, defenses available. To the extent not set forth herein, Cross-Defendants reserve the right to assert additional defenses that become available or apparent during discovery and to amend their Answer accordingly.

**PRAYER**

Wherefore, Cross-Defendants pray as follows:

1. That Cross-Complainants take nothing by reason of their Cross-Complaint, that judgment be rendered in favor of Cross-Defendants;

2. That Cross-Defendants be awarded their attorney fees and costs of suit incurred in the defense of this action;

3. That the Cross-Complaint be dismissed with prejudice as to each and every Cross-Defendant; and

4. For all other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: October 2, 2020

By: */s/ Janine C. Ogando*
JANINE C. OGANDO
Attorneys for Cross-Defendants
NEXUS SERVICES, INC. and
LIBRE BY NEXUS, INC.

13
ANSWER OF CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. TO CROSS-COMPLAINT OF BUDDI US LLC AND BUDDI LTD.

1213986.1