TODD M. FRIEDMAN (SBN 216752)
ADRIAN R. BACON (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
tfriedman@toddflaw.com
abacon@toddflaw.com
**Attorneys for Plaintiff**
**S.C., individually and on behalf of all others similarly situated**

Ian A. Stewart, SBN 250689
Valeria Granata, SBN 305905
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 443-5100
Facsimile:   (213) 443-5101
Email: Ian.Stewart@wilsonelser.com
Email: Valeria.Granata@wilsonelser.com
**Attorneys for Defendants**
**BUDDI US LLC and BUDDI LTD**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| S.C., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUDDI US LLC, BUDDI LTD., MONITORING PARTNERS LIMITED, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 8:20-cv-01370-CJC-KES<br><br>Assigned to: Hon. Cormac J. Carney<br>Courtroom:   9B<br><br>**JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(F)**<br><br>DATE:  TBD<br>TIME:  TBD |

Pursuant to Rule 26(f) and the Court's Order Setting Scheduling Conference, Plaintiff S.C.,[1] Defendants BUDDI US LLC, BUDDI LTD and MONITORING PARTNERS LIMITED ("Defendants"), and Cross-Defendants LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. ("Cross-Defendants") (collectively "the Parties"), hereby submit their Joint Rule 26(f) Conference Report after having met and conferred on the issues contemplated in Rule 26(f) and the Court's Order.

### a. Statement of the Case

Plaintiff's Statement of the Case:

This is a putative national privacy class action, with a California Subclass. Class Members are vulnerable immigrants to the United States, whose privacy rights and frankly, whose very lives, were put at risk by the invasive conduct of Defendants.

Third party Libre, Inc. ("Libre") is an immigration assistance organization which works to obtain releases from detention by Immigration and Customs Enforcement (ICE) in circumstances where an undocumented immigrant enters the U.S. and is detained by ICE. Libre will typically be contacted by a friend or family member of the detainee (Class Member), for purposes of requesting assistance in releasing their loved one from custody. This is done by Libre through locating the detainee and assisting them in posting government bonds, while deportation hearings take place. Libra provides clothing, shelter, and communication devices (cell phones) to the detainees, upon their release, so they may communicate with loved ones. A large percentage of Libre clients are asylum seekers, who are fleeing from a death sentence in their own country. To facilitate this goal, Libre

---

[1] Plaintiff's identity must remain confidential and undisclosed due to his/her immigration status and the current political climate of immigration issues in this country. Plaintiff is highly concerned that disclosure of their identity, even to Defendants, could jeopardize their status, as well as their life.

must demonstrate that is has developed and deployed appropriate risk mitigation tools and services, one of which is placing a GPS tracking device on released detainees. This is a requirement of the bonding companies, such as Defendants.

GPS units are leased to Libre by Defendant Buddi, which contracted with Libre to lease GPS tracking bracelets and provide monitoring services to mitigate risk. Due to the coronavirus outbreak, Buddi's contract with Libre became less profitable than alternative market uses of the tracking devices, which could be leased to others in high demand for four times the rate being charged to Libre. As a direct result, Buddi devised a scheme whereby it would contact Class Members, pretend to be affiliated with Libre, and advise Class Members that they woul be removing their GPS devices. Buddi also contracted with competitors of Libre and disclosed highly sensitive Class Member contact information to these third party companies for the same purpose. In short, Buddi improperly misappropriated , used, and disclosed Class Mmebers' personal identifying information in order to profit, in direct violation of their privacy rights. Buddi also improperly accessed the tracking bracelets of Class Mmebers, and used location data for purposes of tracking down and removing the bracelets. Such information was also shared with third party companies. Class Members never agreed or consented to any of this.

Plaintiff was one such person affected by this. Plaintiff received a call from an individual working for a third party company – Diversified Monitoring (a direct competitor to Lobre) who was subcontracted by Buddi to remove GPS tracking devices from Class Mmebers. Circumstances surrounding the contact made it clear that Plaintiff's identity, personal information and location data were accessed and shared by Buddi with Direct Monitoring. The individual posed as an agent of Libre, and represented that Libre wanted to remove the tracking bracelet. Plaintiff subsequently met with the individual, and the bracelet was removed, which Plaintiff believed was being done by Libre due to the misrepresentations. Ultimately, these events could not have occurred unless Buddi 1) improperly

disclosed Plaintiff's personal identifying information to an unauthorized third party without Plaintiff's consent, and 2) accessed Plaintiff's GPS tracking data for purposes of providing his/her location to a third party without consent. Plaintiuff never provided his/her consent for Buddi to access Plaintiff's confidential location by accessing and utilizing data from the GPS tracking device, or Plaintiff's other confidential personal identifying information, and had no knowledge that Buddi had done so. Buddi took these steps for the sole purpose of breaching its contract with Libre in bad faith, to secure access to the GPS devices and lease them to someone else for a higher price. But in doing so, it jeopardized not only the privacy rights of Class Members, but put their lives and immigration status in serious jeopardy.

Plaintiff alleges that these common acts result in systemic violations of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq. (the "ECPA") the Stored Communications Act 18 U.S.C. §§ 2701 et seq. ("SCA") the Telephone Consumer Protection Act 47 U.S.C. § 227 et. seq. ("TCPA"), and California lnvasion of Privacy Act, specifically Cal. Penal Code § 637.7 ("CIPA"). Plaintiff alleges these claims on behalf of themselves and a class of similarly situated individuals.

Plaintiff disagrees with the characterization of the case below by Defendants, and believe the issues below detract from the serious privacy violations alleged herein. Moreover, even if there was a conflict with Mr. Hassen, Todd Friedman and Adrian Bacon are lead counsel for the putative class members and have no such conflict of interest.

Defendants' Statement of the Case:

Defendants Buddi US LLC and Buddi Ltd. dispute the factual and legal assertions made by Plaintiff above. This litigation was filed for the strategic purpose of gaining leverage in currently pending litigation in Florida between Defendants and Nexus Services Inc. (hereinafter referred to as "Libre," as used by

Plaintiff above). Attorney Michael Hassen, who seeks to serve as class counsel in this case, is attorney of record for Libre in the case of *Nexus Services, Inc. v. Buddi US LLC et al.*, Case No. 2020-CA-5809-0, filed in the Circuit Court of the Ninth Judicial District, Orange County, Florida ("the Florida litigation").

In the Florida litigation, Buddi seeks to recover over $7 million from Libre in wrongfully withheld payments for services relating to the subject monitoring devices. Written communications between Buddi and Libre demonstrate that Buddi repeatedly made numerous requests for overdue payments to Libre starting in 2018. Despite promises by Libre to pay, it failed to do so. During that process, Libre acknowledged in writing its responsibility to make payments and to return monitoring hardware for which no payment had been made. In response to Buddi's demands that Libre return leased monitoring devices due to Libre's ongoing non-payment, in April 2020 Libre authorized Buddi to assist with recovering monitoring devices from Libre clients, and Libre actively facilitated the recovery of devices by providing confidential client names and contact information to Buddi. Due to ongoing and repeated breach of the Lease Agreement by Libre, however, Buddi issued a Notice of Intent to Terminate Services to Libre in May 2020. The Florida litigation was filed shortly thereafter.

To understand the party dynamics in this matter, it is important to recognize certain background information relating to Libre, as set forth in greater detail in the Cross-Complaint filed in this matter against Libre (Document No. 8)  There are numerous governmental investigations and lawsuits brought against Libre over the past few years. The primary accusation against Libre's business model raised in the governmental investigations focuses on alleged disproportionate costs that Libre's clients must pay. Libre has been investigated by the federal Consumer Financial Protection Bureau and by the Attorneys General of New York, Virginia, and Washington. The New York Attorney General's court filings state that the Attorney General believed that Libre may have been "engaging in fraudulent,

deceptive and illegal conduct" by "misleading vulnerable immigrants held in detention centers about the cost and nature of its services." The fees paid to Libre do not go to the bond amount and are nonrefundable. A settlement of the Washington state case against Libre resulted in Libre paying nearly $3 million in debt relief to more than 400 people.

Libre has also been accused of failing to provide contracts in Spanish and of actively hiding key financial terms within its contract. There is also an allegation that Libre engaged in coercive and fraudulent debt collection practices, including telling consumers that they would be returned to federal immigration custody if they did not pay monthly fees.

In addition to the federal and state investigations, Libre is defending itself in consumer lawsuits filed in New York and California. The California Department of Insurance also issued a cease and desist order to Libre in early 2020 on the basis that Libre was engaged in the unlicensed selling of surety insurance in the form of immigration bonds.

Libre has also been sued by business partners like Buddi. In 2018, Libre was ordered to pay more than $700,000 to RLI Insurance Company ("RLI") which underwrites bonds with Libre. In the RLI litigation, documents were produced showing that Libre failed to timely pay vendors and had suffered a "precipitous decline in income, profitability and equity" between 2017 and 2018.

In the wake of all this legal activity, Libre also finds itself embroiled in a lawsuit against Buddi in Florida. Libre's attorney Michael Hassen now seeks to reframe his client Libre, as well as the purported class members, as the aggrieved parties through this class action lawsuit that was filed for the strategic purpose of gaining leverage against Buddi's multimillion dollar claim against Libre.

    **b.**    **Subject Matter Jurisdiction**

Defendant Buddi US LLC removed the case to Federal Court pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act. Plaintiff has not challenged removal.

### c. **Legal Issues**

<u>Plaintiffs</u>: Legal issues include:

- Whether Buddi may, without the Class Members' knowledge or consent, use their GPS tracking bracelet to identify their location;
- Whether Buddi may, without the Class Members' knowledge or consent, use their GPS tracking bracelet to identify their location;
- Whether Buddi may, without the Class Members' knowledge or consent, access Class Members' cell phone numbers and other personal identifying information;
- Whether Buddi may, without the Class Members' knowledge or consent, use Class Members' cell phones to contact them – by text and/or by phone;
- Whether Buddi may use Class used deceptive methods in contacting Class so as to remove GPS tracking bracelets for personal financial gain;
- Whether the systems used by Buddi and its agents constituted an Automatic Telephone Dialing System under the TCPA;
- Whether Buddi's conduct violates the ECPA;
- Whether Buddi's conduct violates the SCA;
- Whether Buddi's conduct violates the TCPA;
- Whether Buddi's conduct violates the CIPA;
- Whether Buddi has placed Class Members at increased risk of arrest and deportation by contacting Class Members and removing their GPS tracking bracelets.
- Whether the class may be certified.

Defendants: In addition to the legal issues identified above, legal issues include:

- Whether Buddi was authorized to access information of the purported class members;
- Whether Libre violated the federal statutes referenced above;
- Whether Libre breached the Lease Agreement with Buddi or the terms of service with the purported class members;
- Whether Libre owes indemnity and/or contribution to Buddi as a result of any alleged privacy violation against the purported class members;
- Whether Plaintiff's counsel may adequately represent the interests of the class given the conflicting interests owed to Libre.

### d. Parties, Evidence, etc.:

Plaintiffs: Parties include Plaintiff S.C., Defendants BUDDI US LLC, BUDDI LTD and MONITORING PARTNERS LIMITED ("Defendants"), and Cross-Defendants LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC. ("Cross-Defendants").

Percipient witnesses include Plaintiff and Defendants' corporate representative(s), as well as representatives from Libre. Key documents include: Defendants' communications, records and data relating to the tracking and contacting of Plaintiff and Class Members, as well as contracts and communications with the various third parties described herein. Discovery may also involve depositions of the various companies described herein, including Libre, and any third parties hired by Buddi to contact Class Members.

Defendants:

In addition to the parties and evidence listed above, written communications and other documents in the possession, custody and control of Libre, as well as documents and testimony elicited in the related Florida litigation.

### e. Damages

<u>Plaintiff</u>: Plaintiff seeks, on behalf of themselves and the putative class, statutory damages pursuant to the ECPA, SCA, CIPA and TCPA, as well as actual damages, punitive damages, attorneys' fees and costs, and injunctive relief.

<u>Defendants</u>: Defendants dispute that Plaintiff is entitled to damages, but seeks indemnity and contribution from Libre as necessary.

### f. Insurance

Defendant Buddi US LLC is being defended on a policy issued by Markel Insurance Co. pursuant to a reservation of rights.

### g. Motions

<u>Plaintiff</u>: Plaintiff does not anticipate any motions to add claims or parties, amend the pleadings or transfer venue. Plaintiff will file a motion for class certification at the appropriate time and after sufficient certification discovery has occurred. Plaintiff requestcully requests eight months for class certification discovery prior to the deadline to filing any such motion and proposes a class certification Motion filing deadline of August 2, 2021.

<u>Defendants</u>: Defendants anticipate filing a motion for summary judgment on some or all of Plaintiff's claims at the appropriate time. Defendants have requested that the identity of Plaintiff be disclosed confidentially following the entry of a protective order and, if necessary, will bring a motion on this topic. Counsel for Defendants have also attempted unsuccessfully to meet and confer with Plaintiff's counsel with respect to the conflict of Michael Hassen's concurrent representation of both Libre and the purported class. If necessary, Defendants anticipate bringing a motion on the topic.

### h. Manual for Complex Litigation

The parties agree that procedures relating to management of class actions may be applicable.

### i. Status of Discovery

Neither party has commenced discovery in this action. The parties will be serving written discovery in the next two weeks.

**j.     Discovery Plan**

**i.      Initial Disclosures And Changes In Timing Or Form [FRCP 26(f)(3)(A)]**

The Parties do not contemplate that any changes will be necessary at this time regarding the timing, form, or requirement for disclosures under FRCP 26(a) or the local rules.

**ii.     Subjects Of Discovery [FRCP 26 (f)(3)(B)]**

**Plaintiff:**

Plaintiff's written discovery will consist of interrogatories, requests for production, and requests for admissions.  Plaintiff needs discovery on the following subjects:

Defendants' communications, records and data relating to the tracking and contacting of Plaintiff and Class Members, as well as contracts and communications with the various third parties described herein.  Discovery may also involve depositions of the various companies described herein, including Libre, and any third parties hired by Buddi to contact Class Members.  Third party discovery may be necessary to ascertain the identities of Class Members, and for additional relevant contracts, communications, data and documents.  Plaintiff also intends to depose the Defendants' PMK(s).

**Defendants:**

In addition to the discovery topics identified above, Defendants will seek discovery on topics related to the appropriateness for class treatment or certification, identity of purported class members, communications with purported class members by the parties and relevant third parties, any alleged damages sustained by purported class members, communications to and from Libre by Plaintiff, the Defendants and relevant third parties. Defendants anticipate taking

the depositions of Plaintiff, persons most knowledgeable from Libre and relevant third parties.

        iii.    **Electronically Stored Information ("ESI") [FRCP 26(f)(3)(C)]**

The parties will meet and confer with plaintiffs to the extent any issues arise regarding ESI.

        iv.    **Privilege or Protective Orders [FRCP 26(f)(3)(D)]**

The Parties agree that this case involves highly confidential information and will submit a proposed protective order under Fed. R. Civ. P. 26(c).

        v.    **Limitations on Discovery [FRCP 26(f)(3)(E)]**

The Parties agree that the standard limitations in the federal and local rules should govern discovery in this case.

        vi.    **Any Other Orders [FRCP 26(f)(3)(F)]**

The Parties do not contemplate other orders at this time.

**k.    Discovery Cut-off**

The parties propose a non-expert discovery cut-off date of January 10, 2022.

**l.    Expert Discovery**

The parties propose October 20, 2021 as the initial expert disclosure deadline, November 19, 2021 as the rebuttal expert disclosure deadline, and January 10, 2022 as the expert discovery cut-off date.

**m.    Dispositive Motions**

<u>Plaintiff</u>: At this time, Plaintiff does not anticipate filing any dispositive motions but reserve the right to do so if discovery reveals the basis for such a motion.

<u>Defendants</u>: Defendants anticipate filing a motion for summary judgment on some or all of Plaintiff's claims at the appropriate time.

**m.    Settlement/Alternative Dispute Resolution**

The parties are amenable to engaging in private mediation.

### o. **Trial Estimate**

The parties estimate a trial of 5-7 days. Plaintiff requests a jury trial.

### p. **Trial Counsel**

Plaintiff will be represented by Todd M. Friedman and Adrian R. Bacon at trial.

Defendants will be represented by Ian A. Stewart and Valeria Granata at trial.

### q. **Independent Expert or Master**

The parties do not anticipate the need for appointment of an independent expert or master in this matter.

### r. **Deadline to Add Additional Parties**

Neither party anticipates adding any additional parties at this time. The parties propose a deadline of January 18, 2021 for joinder of additional parties.

### 18. **Other Issues – Class Certification Motion**

Plaintiff requests that this Court set the deadline for Plaintiff to file their Class Certification motion at this scheduling conference. Plaintiff proposes August 2, 2021 as a deadline to do so.

Dated: November 16, 2020                     Respectfully submitted,

                                             LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                                                By: s/Todd M. Friedman
                                                Todd M. Friedman, Esq.
                                                Adrian R. Bacon, Esq.
                                                Attorney for Plaintiff

| | | |
|---|---|---|
| 1 | Dated: November 16, 2020 | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP |

By:/s/ Ian A. Stewart
   Ian A. Stewart
   Valeria Granata
   Attorneys for Defendant,
   BUDDI US LLC

# CERTIFICATE OF SERVICE

Filed electronically on this 16th day of November, 2020, with:

United States District Court CM/ECF system

Notification sent electronically on this 16th day of November, 2020, to:

Honorable Judge Cormac J. Carney
United States District Court
Central District of California

And

All Counsel of Record

s/Adrian R. Bacon
Adrian R. Bacon, Esq.