UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| S.C., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUDDI US LLC, BUDDI LTD., MONITORING PARTNERS LIMITED, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: SACV 20-01370-CJC (KESx)<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

    In this putative class action, Plaintiff S.C. alleges that Defendants Buddi US LLC, Buddi Ltd., Monitoring Partners Limited, and unnamed Does violated the Stored Communications Act, the Electronic Communications Privacy Act, the Telephone Consumer Protection Act, and California's Invasion of Privacy Act by contacting clients of cross-Defendant Libre by Nexus, Inc. and demanding they return GPS tracking bracelets so Defendants could re-lease the tracking bracelets for more money, thereby putting class members at risk of arrest and deportation since the tracking devices are worn as a condition of release from Immigration & Customs Enforcement custody. (*Id.*

¶¶ 40–43.) (Dkt. 1-1 [Complaint, hereinafter "Compl."].)  Defendants removed the case, asserting that the Court has CAFA jurisdiction.  (Dkt. 1 [Notice of Removal, hereinafter "NOR"].)

"CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'"  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).  "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  However, a removing defendant bears the burden of proving that the amount in controversy is met.  *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).

The Complaint in this case is silent on the amount in controversy.  (NOR ¶ 26.)  However, it does state that each class and subclass contains more than 100 individuals.  (Compl. ¶ 19.a.)  "For each of these individuals, Plaintiff seeks monetary, statutory, punitive, treble and actual damages, restitution, reimbursement and refund, and attorney's fees, among other things."  (NOR ¶ 27.)  Defendant therefore concludes—without any analysis or calculation—that "the amount in controversy alleged here satisfies CAFA's jurisdictional threshold of $5 million."  (*Id.* ¶ 28.)

The Court needs more information both about the number of class members and the amount each class member could possibly seek to be assured that the Court has CAFA jurisdiction over this case, especially given that statutory damages for Plaintiffs' claims are relatively small.  *See, e.g.*, 18 U.S.C.A. § 2707 (under the Stored

Communications Act, "[t]he court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000"); 18 U.S.C.A. § 2520 (authorizing, in many cases under the Electronic Communications Privacy Act, "statutory damages of not less than $50 and not more than $500").

Accordingly, the Court **ORDERS** Defendants to show cause in writing by **August 25, 2021** why this case should not be remanded for lack of jurisdiction. Plaintiffs may, but are not required to, file a statement by the same date. The hearing on Defendants' motion to disqualify counsel set for August 30, 2021, at 1:30 p.m., and the hearings on cross-Defendants' motion for judgment on the pleadings and motion to stay discovery set for September 16, 2021, at 1:30 p.m. are **VACATED** and off calendar. The Court will reschedule the hearings on these motions if the Court determines it has jurisdiction over this case.

DATED: August 16, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE