1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| S.C., individually and on behalf of others similarly situated,<br><br>     **Plaintiffs,**<br><br>  **v.**<br><br>BUDDI US LLC, BUDDI LTD., MONITORING PARTNERS LIMITED, and DOES 1-10, inclusive,<br><br>     **Defendants.** | **Case No.: SACV 20-01370-CJC (KESx)**<br><br>**ORDER GRANTING ARASH BERAL, ANA TAGVORYAN, ALLEN HO, AND BLANK ROME LLP'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR CROSS-DEFENDANTS LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC.  [Dkt. 93]** |

## I. INTRODUCTION & BACKGROUND

In this putative class action, Plaintiff S.C. alleges that Defendants Buddi US LLC, Buddi Ltd., and Monitoring Partners Limited (collectively, "Buddi") illegally accessed confidential location and contact information in order to get class members to remove GPS bracelets they were required to wear as a condition of release from Immigration and

Customs Enforcement custody.  (Dkt. 1-1.)  Buddi filed a cross-complaint against Cross-Defendants Libre By Nexus, Inc. and Nexus Services, Inc. (together, "Nexus"), alleging that Nexus gave Buddi class members' contact information for the purpose of removing their GPS bracelets.  (Dkt. 86 [First Amended Cross-Complaint].)  Now before the Court is Arash Beral, Ana Tagvoryan, Allen Ho, and Blank Rome, LLP's (collectively, "Counsel") motion to withdraw as counsel for Nexus "due to [its] failure to pay outstanding and overdue attorney's fees and costs balances after repeated notice and due to their current 'FTB – FORFEITED' status with the California Secretary of State." (Dkt. 93 at 2.)  For the following reasons, Counsel's motion is **GRANTED**.[1]

## II.    LEGAL STANDARD

Attorney withdrawals are governed by the Central District of California's Local Rules, the California Rules of Professional Conduct, and case law.  The Local Rules explain that (1) withdrawal is only permitted "by leave of court," (2) counsel must make a written motion and give "written notice . . . reasonably in advance to the client and all other parties who have appeared in the action, and (3) the motion "must be supported by good cause."  C.D. Cal. L.R. 83-2.3.2.  The California Rules of Professional Conduct additionally require attorneys seeking to withdraw from representation to "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client," including giving the client adequate time to retain alternative counsel.  Cal. Rules of Prof'l Conduct r. 1.16(d).  And "[c]ourts often weigh four factors in determining whether to grant or deny" a motion for withdrawal: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for March 7, 2022 at 1:30 p.m. is hereby vacated and off calendar.

the resolution of the case." *Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008) (collecting cases).

## III.   ANALYSIS

Counsel have met the procedural requirements to withdraw as counsel.  They sought leave of court by written motion, gave reasonable advance notice to Nexus and the other parties, and took reasonable steps to avoid reasonably foreseeable prejudice to Nexus' rights.  *See* C.D. Cal. L.R. 83-2.3.2; Cal. Rules of Prof'l Conduct r. 1.16(d).

Counsel have also demonstrated good cause to withdraw.  Withdrawal may be permitted when a client "breaches an agreement or obligation to the member as to expenses or fees."  Cal. Rule of Prof. Conduct 3-700(C)(1)(f); *see Stewart v. Boeing Co.*, 2013 WL 3168269, at *2 (C.D. Cal. June 19, 2013) (explaining that "[t]he failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation").  Nexus breached its agreement with Counsel to pay fees, and has failed to cure its breach despite multiple opportunities to do so.  Specifically, since August 2021, Counsel have "made various and repeated attempts to address Cross-Defendants' delinquent accounts" on their attorney fees.  (Dkt. 93-2 [Declaration of Arash Beral] ¶ 4.)  Counsel offered multiple payment deadlines between October 2021 and January 2022, but Nexus has not paid its accounts.  (*Id.* ¶¶ 4–5.)  Counsel also informed Nexus that it would take steps to withdraw as counsel if Nexus did not pay its fees by certain deadlines, and Nexus failed to meet the deadlines.  (*Id.* ¶ 5.)

Moreover, Nexus' registration status with the California Secretary of State is currently listed as "FTB – FORFEITED" on the Secretary of State website.  (*Id.* ¶ 7.) This renders Nexus unable to be sued or to defend against legal actions and makes it a misdemeanor to purport to exercise the rights and powers of a corporation with this

status.  (*Id.*)  Although Nexus informed Counsel that it intends to revive the entities and change their status, Counsel "cannot presently represent the interests of [Nexus] as a matter of law given their 'FTB – FORFEITED' status."  (*Id.*)

Finally, the *Nedbank* factors weigh in favor of granting Counsel's motion to withdraw.  The reasons they seek to withdraw are compelling.  The other parties in this case will face little prejudice if Counsel withdraw.  Indeed, they have not filed any opposition to this motion.  *See* C.D. Cal. L.R. 7-12 (providing that the failure to file an opposition by the deadline "may be deemed consent to the granting . . . of the motion").  And withdrawal will not harm the administration of justice, nor will it unreasonably delay the resolution of this case, which is still in early stages.

## IV.   CONCLUSION

For the foregoing reasons, Counsel's motion to withdraw as counsel for Nexus is **GRANTED**.  Counsel are **ORDERED** to serve a copy of this order on Nexus by **March 1, 2022**, and adequately notify it again of the consequences of not obtaining replacement counsel.  Under Local Rule 83-2.2.2, which prohibits entities from representing themselves, Nexus may not appear *pro se*, but must be represented by counsel.  Nexus shall have until **April 18, 2022** to substitute counsel.  Failure to do so will result in the Court striking Nexus' responsive pleadings and the entry of default.

DATED:     February 23, 2022

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE