John Buche
E-mail: jbuche@buchelaw.com
Byron Ma
E-mail: bma@buchelaw.com
Buche & Associates, P.C.
2029 Century Park East
Suite 400N
Los Angeles, California 90067
Tel.: (310) 593-4193
Carl A. Anderson (Admitted *Pro Hac Vice*)
Rock Spring Law Group PLLC
1050 30th Street NW
Washington, DC 20007
Tel.: (202) 228-2776
E-mail: caa@rockspringlaw.com
*Attorneys for Cross-Defendants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

S.C., individually and on behalf of all others similarly situated,

Plaintiff,

v.

BUDDI US LLC, BUDDI LTD., MONITORING PARTNERS LIMITED, and DOES 1-10, inclusive,

Defendants.

---

BUDDI US LLC and BUDDI LTD,

Cross-Complainants,

v.

LIBRE BY NEXUS, INC., NEXUS SERVICES, INC., and ROES 1-10, inclusive,

Cross-Defendants.

Case No. 8:20-cv-01370-CJC-KESx

CROSS-DEFENDANTS' LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC.'S SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CROSS-COMPLAINT

HON. CORMAC J. CARNEY

Complaint Filed: June 18, 2020
Hearing Date: November 28, 2022
Hearing Time: 1:30 PM

Cross-Defendants LIBRE BY NEXUS, INC. and NEXUS SERVICES, INC. ("Cross-Defendants") file this Supplemental Briefing in Support of Motion to Dismiss First Amended Cross-Complaint.

**I. INTRODUCTION**

From the start of the relationship Nexus did nothing wrong and Buddi has no claim for implied indemnity. On October 27, 2021, the Court entered an Order granting Cross-Defendants' Libre By Nexus, Inc. and Nexus Services, Inc. (collectively, "Nexus") motion for judgment on the pleadings to the original Cross-Complaint with leave to amend. (Dkt. No. 82.) In doing so, the Court agreed with Nexus' contention that "Plaintiff [did] not allege a single claim or any wrongful conduct attributed to Nexus." (*Id.* at 9:26-28.)

After being given the opportunity to amend their pleading to address this fundamental deficiency, Cross-Complainants Buddi US LLC and Buddi Ltd. (collectively, "Buddi") continue to fail to establish any basis to support claims of indemnity or contribution from Nexus.

Specifically, there is no implied or equitable indemnity based on either the contract between the parties or the facts alleged with regard to the relationship of Nexus to Buddi, or Nexus to Plaintiff. Buddi is unable to establish Nexus' knowledge of or consent to Buddi's actions or Nexus' purported authorization of Buddi's conduct as alleged in the (FACC ¶¶ 30-35 and ¶¶ 36-37 respectively). The facts do not support a claim for indemnity or contribution against Nexus for the wrongful conduct of which Plaintiff accuse Defendants. Nexus has the direct relationship with Plaintiff and Buddi was a supplier to Nexus. Nexus did not breach any independent duty to Plaintiff and a claim of indemnification would be improper for the independent damaging actions on the part of the Defendants.

Indemnification applies to protect a defendant from liability to plaintiff for a third party's actions. Nexus as a third party, did not cause harm to Plaintiff. Nexus had an ongoing contract with Plaintiff, was not a direct or proximate cause of any harm to

Plaintiff and Plaintiff is not accusing Nexus of any harm. The Court understood this when it granted Nexus' previous motion for judgment on the pleadings as to the original Cross-Complaint with leave to amend. Buddi with its final opportunity has failed to address the deficiency in its original pleading. Buddi has failed to "make clear whether Nexus *improperly* provided contact information for individuals who no longer needed the ankle bracelets as a condition of their bonds." (Dkt. No. 82 at 10:1-3 (emphasis added).)

Buddi has failed in its First Amended Cross-Complaint ("FACC") to establish any allegations regarding how and why Nexus' limited sharing of client contact information with Buddi was improper and entitles them to indemnification. The FACC continues to use vague and conclusory statements to claim authority to contact the named plaintiff and other Nexus clients for GPS bracelet removal. Written communications reflecting Nexus' intent to limit Buddi's authority to contact plaintiff is clear and outweighs any unsubstantiated assertion by Buddi. The inadequacy of the FACC's amendments.

Buddi's only recourse would be through its contract with Nexus. The facts pled in the FACC do not give rise to claims for equitable indemnity or contribution for the losses sustained by Plaintiff as a result of Buddi's independent actions.

**II. ARGUMENT**

**A. Buddi's First and Second Causes of Action Fail Because Buddi Fails to Identify Any Basis to Establish Implied or Equitable Indemnity.**

Buddi's original claim for equitable indemnity was characterized as one arising from the parties' contractual relationship. (Dkt. No. 8, ¶¶ 29-33.) Implied contractual indemnity is available when two parties in a contractual relationship were both responsible for causing the injury. Defendants have failed to establish how equitable indemnity is entitles them to relief in the absence of a joint legal obligation to an injured party.

Buddi continues to share the burden in the FACC that Nexus is liable to Plaintiff. Buddi has failed to show how in theory as indemnitor (Nexus) and indemnitee (Buddi)

share liability.

Buddi fails to establish and breach of duty by Nexus to Plaintiff. The FACC fails to identify specific communications between Buddi and Nexus, naming the individuals who made representations, and detailing the specific statements set forth. (Id. at ¶¶ 31-36.) Therefore, Buddi cannot identify any emails or conversations that would support its claim of unlimited authority or any "understanding." Additionally, Buddi has also failed to establish how this "understanding" imparts liability to Nexus.

For these reasons, the FACC fails the pleading requirements under Rule 12(b)(6). The FACC is still void of factual allegations and is merely speculative in relation to liability. Accordingly, the Court should dismiss Buddi's First and Second Causes of Action for implied and equitable indemnity, respectively.

**B. Buddi's Third Cause of Action For Contribution Fails for the Same Reasons.**

For the same reasons set forth with regards to the First and Second Causes of Action above, Buddi's Third Cause of Action for Contribution fails. Under California law, contribution is but a form of equitable indemnity. The FACC is still void of factual allegations as to Nexus' liability and therefore fails. Accordingly, the Court should dismiss the contribution claim in its entirety.

## III. CONCLUSION

For the reasons set forth above, Nexus respectfully requests that the Court enter an order granting the Motion to Dismiss the FACC in its entirety, with prejudice and without leave to amend.

Dated: October 21, 2022 Respectfully Submitted,

By: /s/ Carl A. Anderson (pro hac vice)
Carl A. Anderson
Attorneys for Cross-Defendants

**Signature Certification**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained his authorization to affix his electronic signature to this document.

Dated: October 21st, 2022

**Rock Spring Law Group, PLLC**

By:/s/ Carl A. Anderson (pro hac vice)
Carl A. Anderson
Attorney for Cross-Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 21, 2022, The foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send notice of the electronic filing to all counsel of record.

*/s/ Carl A. Anderson*

Carl A. Anderson