1
John Buche
E-mail: jbuche@buchelaw.com

2
Byron Ma
E-mail: bma@buchelaw.com

3
Buche & Associates, P.C.
2029 Century Park East

4
Suite 400N

5
Los Angeles, California 90067
Tel.: (310) 593-4193

6
Carl A. Anderson (Admitted *Pro Hac Vice*)

7
Rock Spring Law Group PLLC
1050 30th Street NW

8
Washington, DC 20007

9
Tel.: (202) 228-2776
E-mail: caa@rockspringlaw.com

10
*Attorneys for Cross-Defendants*

11

12

13

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

14

15
S.C., individually and on behalf of all others similarly situated,

16
Plaintiff,

17
v.

18
BUDDI US LLC, BUDDI LTD., MONITORING PARTNERS LIMITED, and DOES 1-10, inclusive,

19

20

21
Defendants.

22
BUDDI US LLC and BUDDI LTD,

23
Cross-Complainants,

24
v.

25
LIBRE BY NEXUS, INC., NEXUS SERVICES, INC., and ROES 1-10, inclusive,

26

27
Cross-Defendants.

28

Case No. 8:20-cv-01370-CJC-KESx

CROSS-DEFENDANTS' LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC.'S ANSWER TO FIRST AMENDED CROSS-COMPLAINT

HON. CORMAC J. CARNEY

Complaint Filed: June 18, 2020

Cross-Defendants LIBRE BY NEXUS, INC. and NEXUS SERVICES, INC. ("Cross-Defendants") file this Answer to First Amended Cross-Complaint.

NATURE OF ACTION

1.     While Plaintiff was detained and released, the Plaintiff agreed to services provided by LIBRE, which required as part of the services being voluntarily fitted with a GPS monitor, by LIBRE, leased from BUDDI.

2.     LIBRE breached no data, it was BUDDI who breached the data and committed the wrongdoing by their company and its agents. LIBRE cannot be held responsible for a third parties misuse of information nor any action arising there of- LIBRE and its officers exert no function in BUDDI's business that could reasonable link LIBRE, NEXUS to BUDDI other than a contractual relationship to provide a product- the GPS monitors and the tracking service for LIBRE. This is merely an attempt by BUDDI to pass the cost for its wrongdoing to LIBRE and NEXUS, and presumably corporate officers with no authority within BUDDI as responsible parties for BUDDI's actions.  ICE did not require the GPS devices; it was surety agency that LIBRE works with that required the GPS devices to ensure the Plaintiff appeared for hearings.

3.     Plaintiff(s) have failed to allege what damages if any were made upon them and a factual basis for indemnification of LIBRE, and leverage NEXUS as a source for damages by the actions of BUDDI and/or its agents.

4.      Cross-Complainant lacks foundation or standing to include LIBRE, NEXUS or any party associated with either company as a cross-defendant. LIBRE denies the allegations as set forth.

PARTIES

5.      CROSS Defendant stipulates as to BUDDI US LLC's incorporation and headquarters.

6.      LIBRE and NEXUS stipulate as to BUDDI LTD's incorporation.

7.      LIBRE and NEXUS stipulate as to Cross-Complainants' business model.

8.      LIBRE and NEXUS are separate and distinct corporations. NEXUS and LIBRE are incorporated in different states.

9.      LIBRE and NEXUS deny that their agents, or employees are or were parties to any action as alleged.

10.     LIBRE and NEXUS denies the allegations as set forth.

11.     LIBRE and NEXUS does not have any basis to dispute this claim.

12.     LIBRE and NEXUS agree that jurisdiction is proper.

13.     LIBRE and NEXUS agree that jurisdiction is proper.

14.     While LIBRE and only LIBRE assists in the arrangements between parties for assistance in obtaining release bonds, LIBRE and NEXUS deny the rest of the allegations.

15.     LIBRE admits that it "did" provide BUDDI equipment to participants.

CROSS-DEFENDANTS' LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC.'S
ANSWER TO FIRST AMENDED CROSS-COMPLAINT

16.     LIBRE and NEXUS deny the allegation set forth.

17.     LIBRE admits in part the lease agreement but denies the rest of the allegations, and NEXUS deny the allegation set forth

18.     LIBRE and NEXUS denies the allegations as set forth.

19.     The allegations as set forth as to Principal Michael Donovan is irrelevant, as he is not enjoined in this action merely by BUDDI's assertions and an attempt to assert that a nonparties previous or alleged actions make a contractual or factual assertion to be enjoined for damages is clearly an attempt to prejudice NEXUS and its CEO to the Court. LIBRE denies the allegations as set forth.

20.     The allegations as set forth as to Principal Michael Donovan is irrelevant, as he is not enjoined in this action merely by BUDDI's assertions and an attempt to assert that a nonparties previous or alleged actions make a contractual or factual assertion to be enjoined for damages is clearly an attempt to prejudice NEXUS and its CEO to the Court. LIBRE denies the allegations as set forth.

21.     LIBRE has fought to protect its participants privacy, which BUDDI breached, and now seeks to attempt to make LIBRE and its principals parties to this action. LIBRE denies the allegations as set forth.

22.     The allegations as set forth as to Principal Michael Donovan is irrelevant, as he is not enjoined in this action merely by BUDDI's assertions and an attempt to assert that a nonparties previous or alleged actions make a contractual or factual assertion to be

CROSS-DEFENDANTS' LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC.'S
ANSWER TO FIRST AMENDED CROSS-COMPLAINT

enjoined for damages is clearly an attempt to prejudice NEXUS and its CEO to the Court. LIBRE denies the allegations as set forth.

23.     The allegations as set forth as to Principal Michael Donovan is irrelevant, as he is not enjoined in this action merely by BUDDI's assertions and an attempt to assert that a nonparties previous or alleged actions make a contractual or factual assertion to be enjoined for damages is clearly an attempt to prejudice NEXUS and its CEO to the Court. LIBRE denies the allegations as set forth.

24.     The allegations as set forth as to Principal Michael Donovan is irrelevant, as he is not enjoined in this action merely by BUDDI's assertions and an attempt to assert that a nonparties previous or alleged actions make a contractual or factual assertion to be enjoined for damages is clearly an attempt to prejudice NEXUS and its CEO to the Court. LIBRE denies the allegations as set forth.

25.     Any contractual disputes between RLI and/or LIBRE and NEXUS are not cases before this Court, and thus irrelevant to this matter. LIBRE denies the allegations as set forth.

26.     The allegation is immaterial to the claims made in this matter and is denied as set forth.

27.     LIBRE admits the correspondence exists however it is immaterial to this matter.

28.     The allegation is immaterial to the claims made in this matter and is denied as set forth.

29.   The allegation is immaterial to the claims made in this matter and is denied as set forth.

30.   LIBRE denies the allegations as set forth.

31.   The allegation is immaterial to the claims made in this matter and is denied as set forth.

32.   The allegation is immaterial to the claims made in this matter and is denied as set forth.

33.   The allegation is immaterial to the claims made in this matter and is denied as set forth.

34.   LIBRE denies the allegations as set forth.

35.   LIBRE denies the allegations as set forth.

36.   LIBRE denies the allegations as set forth.

37.   LIBRE denies the allegations as set forth.

38.   LIBRE denies the allegations as set forth.

39.   LIBRE denies the allegations as set forth.

40.   LIBRE denies the allegations as set forth.

41.   LIBRE denies the allegations as set forth.

42.   LIBRE denies the allegations as set forth

43.   LIBRE denies the allegations as set forth.

44.   LIBRE denies the allegations as set forth.

45.   LIBRE denies the allegations as set forth.

CROSS-DEFENDANTS' LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC.'S
ANSWER TO FIRST AMENDED CROSS-COMPLAINT

46.    LIBRE denies the allegations as set forth.

47.    LIBRE denies the allegations as set forth.

48.    LIBRE denies the allegations as set forth.

RELIEF REQUESTED

Cross-Defendant denies that Cross-Complainant is entitled to any of the relief sought in the First Amended Cross-Complaint.

JURY DEMAND

Cross-Defendant demands a trial by jury of all causes of action as to which the law entitles it to a trial by jury.

AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof or persuasion as to any one of the following defenses, Cross-Defendant alleges on information and belief the following separate and independent defenses to the allegations set forth in the Complaint:

FIRST DEFENSE

The First Amended Cross-Complaint and each alleged cause of action fails to state a claim upon which relief can be granted against Cross-Defendant.

SECOND DEFENSE

Cross-Defendant's claims are barred, in whole or in part, by the doctrine of unclean hands.

THIRD DEFENSE

CROSS-DEFENDANTS' LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC.'S
ANSWER TO FIRST AMENDED CROSS-COMPLAINT

1
2
3
4
5
6

As a separate and independent affirmative defense, that if in fact Plaintiff is damaged in any manner whatsoever as alleged in the First Amended Cross-Complaint, that said damage was a direct and proximate result of the intervening and superseding actions of other persons or entities and not on the part of this answering Cross-Defendant.

7
8

FOURTH DEFENSE

9
10
11
12
13

Any injuries allegedly sustained by Plaintiff were negligently caused, either wholly or in part, by persons, firms, corporations, individuals or entities other than this answering Cross-Defendant, and said acts, omissions or negligence comparatively reduces the percentage of negligence, if any, by this answering Cross-Defendant.

14

FIFTH DEFENSE

15
16
17
18

Cross-Complainant's claims are barred against this answering Cross-Defendant to the extent that they are based on duties which cannot properly be assigned to this answering Cross-Defendant.

19
20

SIXTH DEFENSE

21
22

Cross-Complainant has waived any and all claims that she may have or have had against this answering Cross-Defendant.

23
24

EIGHTH DEFENSE

25
26
27

Any and all claims that Cross-Complainant may have or have had against Cross-Defendant have been barred by the doctrine of estoppel.

28

NINTH DEFENSE

1    This Cross-Defendant's conduct was not the cause in fact nor the proximate

2  cause of any injury, loss, or damage alleged by Plaintiff.

3

4

5    WHEREFORE, this Defendant respectfully prays for entry of judgment in favor

6  of Cross-Defendant and against Cross-Complainant, dismissing the First Amended

7
   Cross-Complaint with prejudice, and awarding Cross-Defendant its costs and
8
9  attorneys' fees, and any and all other further relief as the Court may deem just and

10  proper.

11
   Dated: December 1, 2022                    Respectfully Submitted,
12

13

14                                   By:/s/ Carl A. Anderson (pro hac vice)
15                                   Carl A. Anderson
                                     Attorneys for Cross-Defendants
16

17
   /////
18

19

20

21

22

23

24

25

26

27

28

1

## **Signature Certification**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained his authorization to affix his electronic signature to this document.

Dated**:** December 1st, 2022              **Rock Spring Law Group, PLLC**

By:/s/ Carl A. Anderson (pro hac vice)
Carl A. Anderson
Attorney for Cross-Defendants

1

## CERTIFICATE OF SERVICE

2      I HEREBY CERTIFY that on December 1, 2022, The foregoing document was

3  electronically filed with the Clerk of the Court by using the CM/ECF system which will send

4

5  notice of the electronic filing to all counsel of record.

6                                                              */s/ Carl A. Anderson*
                                                               Carl A. Anderson
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROSS-DEFENDANTS' LIBRE BY NEXUS, INC. AND NEXUS SERVICES, INC.'S
ANSWER TO FIRST AMENDED CROSS-COMPLAINT