JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.C., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUDDI US LLC, BUDDI LTD., MONITORING PARTNERS LIMITED, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>BUDDI US LLC and BUDDI LTD,<br><br>Cross-Complainants,<br>v.<br>LIBRE BY NEXUS, INC., NEXUS SERVICES, INC., and ROES 1-10, inclusive,<br><br>Cross-Defendants. | Case No. 8:20-cv-01370-MCS-KES<br><br>**FINAL JUDGMENT** |

The Court, having considered Plaintiff's unopposed Motion for Final Approval of the Class Settlement in the above-captioned action (the "S.C. Action") between Plaintiff S.C. ("Plaintiff") and Defendants Buddi US LLC, Buddi Ltd., and Monitoring Partners Limited ("Defendants"); the Settlement Agreement and Release dated February 22, 2024 (the "Settlement Agreement and Release"); all of the objections and comments received regarding the proposed settlement (or the lack thereof); the record; and the submissions and arguments presented by counsel, and having held a Final Approval Hearing on September 16, 2024, finds that:

1. Unless defined herein, for purposes of this Final Judgment all capitalized terms in this Order shall have the same meanings as set forth in the Settlement Agreement and Release.

2. The Court has jurisdiction over the subject matter of the S.C. Action, Plaintiff, the Class Members, and Defendants.

3. On April 1, 2024, this Court preliminarily approved the settlement as to the Class conditionally certified in connection with the settlement of this action, consisting of:

> The "Federal Privacy Class": "All individuals whose GPS tracking data is included in the two spreadsheets produced in discovery by Defendant entitled 'CA contacted no contact_1' and 'GA and TN Nexus Removals (3)_0' – in workbook 'Tennessee.'"
>
> The California CIPA subclass: "All individuals whose GPS tracking data is included in the spreadsheet produced in discovery by Defendant entitled 'CA contacted no contact_1.'"

4. The notice given to the Class Members constituted the best notice practicable to all persons within the definition of the Class under the circumstances, and fully complied with the requirements of due process and of all applicable statutes and laws.

5. Defendants properly and timely served notice of the Parties' Settlement Agreement and Release as required under the Class Action Fairness Act, 28 U.S.C. § 1715, upon all persons entitled to such notice.

6. The Settlement Agreement and Release was arrived at as a result of arms' length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and who have diligently investigated and prosecuted this matter and engaged in substantial exchanges of information and informal discovery, and was facilitated and overseen by the Honorable Andrew Guilford (Ret.) at a mediation with the Parties.

7. The Settlement Agreement and Release is fair, reasonable, adequate, and in the best interests of the Class in light of the complexity, expense, and duration of litigation, as well as the risk involved in establishing liability and damages and in maintaining the S.C. Action through trial and appeal.

8. The settlement consideration provided by the Settlement Agreement and Release constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration provided to members of the Class is reasonable, considering the facts and circumstances of the claims and affirmative defenses asserted in the S.C. Action, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

9. The Settlement Agreement and Release is finally approved as fair, reasonable, adequate, just, and in compliance with all applicable requirements of the United States Constitution (including the Due Process Clause) and all other applicable laws, and in the best interest of the Class. Accordingly, the Court directs the Parties and their counsel to implement and consummate the Settlement Agreement and Release in accordance with its terms and conditions.

10. Defendants and Plaintiff are hereby ordered to comply with the terms and conditions contained in the Settlement Agreement and Release, which is incorporated by reference herein.

11. Judgment is hereby entered whereby Plaintiff and all Settlement Class Members shall take nothing from Defendants except as expressly set forth in the Settlement Agreement and the Final Approval Order. This judgment has been entered without any admission by Defendants of liability or as to the merits of any of the allegations in the Complaint.

12. The Court finding that there were no opt outs from the Settlement, each Settlement Class Member has released and is hereby permanently barred from filing or prosecuting any of the Settlement Class Members' Released Claims against the Defendant.

13. The Releasing Parties hereby absolutely, unconditionally, and irrevocably release and forever discharge the Released Parties from the Released Claims, as set forth in the Settlement Agreement and Release.

14. The following monetary relief is hereby ordered pursuant to the terms of the Settlement Agreement and Release:

(a) Within thirty (30) days after the Effective Date, provided that Defendants have been provided with a Form W-9 and payment instructions, Defendants shall tender Five Hundred Thousand and 00/100 Dollars ($500,000.00) to the Claims Administrator for deposit into a common settlement fund (the "Settlement Fund") to be held by the Claims Administrator and used to pay/reimburse the following amounts pursuant to the specified terms of the Settlement Agreement and Release: (i) the costs and expense of notice and administration, as set forth in section 8.4; (ii) any Service Award to the Class Representatives, as set forth in section 7; (iii) Attorneys' fees and costs, as set forth in section 6; and (iv) a distribution of the remainder to Class Members based on their number of Settlement Credits, depending on whether they are merely Class Members, or also are California Subclass Members,

as set forth in section 5. In no event shall Defendants be required to pay more than $500,000.00 into the Settlement Fund.

15. The Court awards $5,000.00 to Plaintiff S.C. to be paid from the Settlement Fund as a Service Award for her role as a Class Representative.

16. The Court awards to Class Counsel, as attorneys' fees and costs, $125,000.00, which is equal to 25% of the Settlement Fund, and the reimbursement of litigation expenses in the sum of $11,955.96.

17. The Court awards $17,597.43 to the Settlement Administrator as reimbursement for fees and costs incurred in the notice process, disbursement, and other matters relating to the administration of the settlement.

18. The provisions of this Final Judgment are applicable to and binding upon and inure to the benefit of each party to the S.C. Action (including each of the Class Members and each of Defendants' successors and assigns).

19. To the extent permitted by law and without affecting the other provisions of this Final Judgment, this Final Judgment is intended by the Parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent, or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Plaintiff or any member of the Class or any others similarly situated in the United States with respect to the Released Claims based upon the same alleged facts at any time prior to the date of the Preliminary Approval Order.

20. The provisions of this Final Judgment are entered as a result of a voluntary agreement of the Parties. The Settlement Agreement and Release and this Final Judgment are not intended to, and shall not be construed as any admission, express or implied, of any fault, liability or wrongdoing by Defendants, or any other party or person, or of the accuracy of any of the allegations in the Complaint or Defendants' defenses.

21. Save and except as expressly set forth to the contrary in this Judgment, Plaintiff and Plaintiff's Counsel shall take nothing by their claims and each party shall bear his or its own fees, costs, and expenses in connection with the S.C. Action.

22. Jurisdiction is retained by this Court for twenty-four (24) months following the Effective Date for the purpose of enabling any party to this Final Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the construction or carrying out of this Final Judgment and Settlement Agreement and Release, for the modification of any of the provisions hereof, for enforcement of compliance herewith, and for the punishment of violations hereof.

23. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement and Release, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED.**

DATED: September 17, 2024

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE